UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 08-CV-1322 (JFB) (AKT)

WILLIAM NEALY,

Plaintiff,

VERSUS

MICHAEL BERGER AND JEFFREY GRODER,

Defendants.

**MEMORANDUM AND ORDER**
March 16, 2009

JOSEPH F. BIANCO, District Judge:

Plaintiff *pro se* William Nealy ("plaintiff" or "Nealy") brings the above-captioned action against defendants Jeffrey Groder and Michael Berger (collectively, "defendants"), alleging that: 1) defendants deprived him of his constitutional rights under color of state law in violation of 42 U.S.C. §§ 1983 and 1985; and 2) defendants committed legal malpractice and/or negligent infliction of emotional distress, in violation of New York state law. Plaintiff seeks a damages award of $2,000,000 from each defendant. Plaintiff also moves that the Court stay this action pending the determination of the petition for a writ of habeas corpus that he has filed.

Defendants oppose the stay and separately move for dismissal of plaintiff's complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b) and (c). For the reasons set forth herein, plaintiff's motion for a stay of this action is denied and defendants' motions to dismiss are granted in their entirety as to the federal claims.[1] The Court declines to exercise

---

[1] The Court notes that, in connection with his opposition to the defendants' motion to dismiss, plaintiff submitted an "Amended Complaint," which appears to be an attempt to supplement the allegations and causes of action contained in the amended complaint. The Court has fully considered both the initial complaint and amended complaint in connection with defendants' motion to dismiss and concludes, for the reasons stated herein, that none of the causes of action in the initial complaint or the amended complaint can survive a motion to dismiss and any further attempt to re-plead the federal claims would be futile given the incurable nature of the legal defects identified herein. For purposes of this Memorandum and Order, when the Court refers to the "complaint," it is referring collectively to the initial complaint and the amended complaint.

supplemental jurisdiction over any purported state claims.

I. BACKGROUND

A. Facts

The following facts are taken from the initial complaint ("Compl.") and the amended complaint, the exhibits attached thereto and court filings of which the Court may take judicial notice. These facts are not findings of fact by the court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

On April 15, 2001, plaintiff was arraigned in Nassau County Criminal Court. (Compl., Ex. 2.) Plaintiff was originally represented by Berger, an attorney for the Legal Aid Society. (Compl., Ex. 2.) The court relieved Berger as plaintiff's attorney on April 25, 2001 because of an "ethical issue" and appointed Groder to replace him. (Compl., Ex. 5 at 2, 5-6.) Plaintiff alleges that Nassau County Assistant District Attorney Walt Junker arranged for Groder's appointment and, further, that the judge who appointed him, the Honorable Abbey L. Boklan, was not entitled to do so because she was "not even the judge presiding over [his] case."[2] (Compl. at 7.)

The prosecution's case against plaintiff was presented to the grand jury on April 24, 2001. (Compl., Ex. 4.) Plaintiff alleges that, at that time, Groder "masqueraded" as his attorney and waived his right to a felony exam without his consent. (Compl. at 3.) Plaintiff submits that Assistant District Attorneys Junker and Kim Percyz were "fully aware" that he was a client of the Legal Aid Society on April 24, 2001, yet allowed Groder to masquerade as his attorney in his criminal proceedings that day. (Compl. at 4.) Plaintiff submits that Berger violated his rights on that same day by conducting "a conference off the record" with the Honorable Abbey L. Boklan "when there was no court proceeding conducted before [her] on April 24, 2001 concerning [plaintiff's] case." (Compl. at 11.)

Plaintiff further states that it was "no coincidence that on the same day April 24, 2001 while Jeffrey Groder was violating [his] rights before the [court], that the prosecutor A.D.A. Walt Junker was presenting the case to the grand jury and the Legal Aid Society attorney was signing a waiver [of plaintiff's right to a speedy preliminary hearing, grand jury presentation and speedy trial] without [plaintiff's] knowledge or consent." (Compl. at 5-6 (citations omitted).) He also alleges that Berger was acting in concert with Junker when he signed that waiver and that he did so despite the fact that plaintiff had previously expressed his desire not to waive those rights to "a female staff attorney" employed by the Legal Aid Society. (Compl. at 10-11.)

Plaintiff further alleges that in the course of his representation, Groder failed to locate and interview a witness identified to him by the prosecution who could have potentially provided exculpatory testimony on plaintiff's behalf and that plaintiff was convicted as a result of Groder's failure to do so. (Compl. at 8-9.)

Plaintiff was convicted, after a jury trial, of Assault in the Second Degree and other related offenses on March 12, 2002. (*See* Compl., Ex. 11 at 2.) Groder was relieved as plaintiff's attorney on September 3, 2003. (*See* Compl., Ex. 6 at 3-4.) Plaintiff was sentenced on

---

[2] Nealy has not named any state parties as defendants in this action.

February 11, 2003 to a term of twenty-five years to life imprisonment. (*See* Compl., Ex. 11 at 26.) His conviction has not been overturned. *See People v. Nealy*, 819 N.Y.S.2d 106 (N.Y. App. Div. 2006), *leave to appeal denied*, 8 N.Y.3d 848 (N.Y. 2007).

On October 17, 2007, plaintiff filed a Section 1983 complaint in the United States District Court for the Southern District of New York against Groder and the partnership Devane & Groder, alleging that defendants interfered with his constitutional rights during the course of their representation of him in the aforementioned criminal proceedings.[3] *Nealy v. Groder*, No. 08 Civ. 2071 (KMW) (S.D.N.Y. Mar. 3, 2008). The Court dismissed plaintiff's complaint *sua sponte* for failure to state a claim upon which relief may be granted on the grounds that defendants did not act under the color of state law. *See Nealy*, No. 08 Civ. 2071.

B. Procedural History

On March 28, 2008, plaintiff filed the instant action. On July 16, 2008 and August 7, 2008, defendants Berger and Groder moved, respectively, to dismiss the complaint. Plaintiff filed his opposition on August 26, 2008. In connection with that opposition, plaintiff filed an amended complaint on that same date, which the Court has fully considered. By letters dated September 17 and 24, 2008, plaintiff requested that this Court stay the immediate action pending the adjudication of his petition for a writ of habeas corpus, filed on August 22, 2008. By letter dated October 13, 2008, Groder opposed plaintiff's motion to stay. Groder submitted his reply to plaintiff's opposition to the instant motion on October 17, 2008. By letter dated November 10, 2008, Berger opposed plaintiff's motion to stay and asked that the Court proceed with the case and decide the motion to dismiss. The Court has fully considered the submissions of all parties.

II. STANDARD OF REVIEW

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),[4] the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir.

---

[3] The Court may take judicial notice of orders issued by the court in the Southern District of New York action, not for the truth of the matters asserted therein but to establish the fact of such filings or orders. *See Washington v. United States Tennis Ass'n*, 290 F. Supp. 2d 323, 326 (E.D.N.Y. 2003) (Courts are "permitted to take judicial notice of court documents from previous actions."); *World Wrestling Entm't, Inc. v. Jakks Pacific, Inc.*, 425 F. Supp. 2d 484, 508 n.16 (S.D.N.Y. 2006) (noting that "the Court properly can take judicial notice of the filings and [an] Order in the Connecticut state court action") (citing *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983) ("[F]ederal courts may also take notice of proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.")).

[4] Defendants moved to dismiss the action under both Rule 12(b)(6) and Rule 12(c); however, the Court will treat the motion as one under Rule 12(b)(6) and analyze the motion under that standard, since no answer has been filed by either defendant. In any event, in reviewing a Rule 12(c) motion to dismiss, the Court "'appl[ies] the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004) (quoting *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)).

3

2006). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Moreover, as the Second Circuit recently emphasized in *Sealed Plaintiff v. Sealed Defendant*, "[o]n occasions too numerous to count, we have reminded district courts that when [a] plaintiff proceeds *pro se*, . . . a court is obliged to construe his pleadings liberally . . . . This obligation entails, at the very least, a permissive application of the rules governing the form of pleadings . . . . This is particularly so when the *pro se* plaintiff alleges that her civil rights have been violated. Accordingly, the dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citations and quotation marks omitted); *see also Weixel v. Bd. of Educ. of the City of N.Y.*, 287 F.3d 138, 145-46 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se*, the Court shall "'construe [his complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.'") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)); *accord Sharpe v. Conole*, 386 F.3d 483, 484 (2d Cir. 2004).

Finally, in connection with a motion to dismiss under Rule 12(b)(6), as noted above, the Court may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis*, 421 F.3d at 100; *accord Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). Here, plaintiff appended certain documents to his complaint and the Court has confined its review to the face of the complaint and the documents attached thereto by plaintiff, as well as the amended complaint.

III. DISCUSSION

Plaintiff claims that defendants violated his constitutional rights under 42 U.S.C. §§ 1983 and 1985 and are also liable for legal malpractice and/or negligent infliction of emotional distress under New York state law.[5] For the reasons set forth below, the Court finds that plaintiff's federal claims fail as a matter of law and the Court declines to exercise its

---

[5] Although defendants at times suggest that their motion implicates the subject matter jurisdiction of the Court, the Court concludes that the grounds raised in their motions – including lack of state action, statute of limitations, collateral estoppel, etc. – are more properly analyzed in this case under the Rule 12(b)(6) standard, rather than as an issue of subject matter jurisdiction under Rule 12(b)(1). *See Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 361 (2d Cir. 2000) ("Court decisions often obscure the issue by stating that the court is dismissing 'for lack of jurisdiction' when some threshold fact has not been established, without explicitly considering whether the dismissal should be for lack of subject matter jurisdiction or for failure to state a claim."); *Calemine v. Gesell*, No. 06 CV 4736 (SJ) (RM), 2007 WL 2973708, at *1 n.1 ("Though Defendants move pursuant to Rule 12(b)(1) and 12(b)(6) for failure to state a claim, the grounds for their motion, res judicata and statute of limitations, are both properly considered under Rule 12(b)(6)."); *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) ("to the extent the defendants contend that they are not amenable to a Section 1983 suit because they did not act under color of state law, such arguments are more appropriately raised in a Rule 12(b)(6) motion to dismiss for failure to state a claim").

4

pendent jurisdiction under 28 U.S.C. § 1367 over the remaining state claims.[6]

A. Section 1983

To prevail on a claim under § 1983, a plaintiff must show: (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993).

Plaintiff asserts Section 1983 claims against Jeffrey Groder and Michael Berger. With respect to Groder, plaintiff alleges that he first "masqueraded" as plaintiff's attorney and improperly waived plaintiff's right to a felony exam and then, after his appointment to represent plaintiff, failed to adequately investigate potentially exculpatory evidence during the course of the trial. With respect to Berger, plaintiff alleges that he improperly held an "off the record" conference with the presiding judge in plaintiff's criminal proceedings and then conspired with Assistant District Attorney Junker to waive plaintiff's rights to a speedy preliminary hearing, presentation to the grand jury and a speedy trial.

As discussed below, the Section 1983 claim against these defendants fail as a matter of law because, among other things, (1) none of these defendants are state actors; and (2) plaintiff's conclusory allegations of conspiracy between these defendants and state actors cannot withstand a motion to dismiss.

1. State Action Requirement

An individual acts under color of state law when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299 (1941)). Thus, a deprivation of a federal statutory or Constitutional right is actionable under Section 1983 when such deprivation is caused "by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Under this standard, "generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50 (1988).

In the instant action, it is clear from the allegations of the complaint that neither Berger, the Legal Aid attorney who represented plaintiff prior to the appointment of Groder as plaintiff's counsel, nor Groder, plaintiff's court-appointed defender, qualify as state actors within the meaning of Section

---

[6] As a threshold matter, plaintiff requests that the Court stay this Section 1983 lawsuit pending the adjudication of the petition he filed for a writ of *habeas corpus* contesting his current incarceration. By letters dated October 13, 2008 and November 10, 2008, defendants oppose the stay on a number of grounds. The Court denies plaintiff's request for a stay. As discussed in detail *infra*, plaintiff's federal claims suffer from numerous legal defects – including the failure to satisfy the "state actor" requirement, the fact that the federal claims against the attorneys are barred by the applicable statute of limitations, and the doctrine of collateral estoppel (as to defendant Groder) – that warrant dismissal of the federal claims even if the state convictions from which the claims arose were overturned in a *habeas* proceeding. Thus, given that the federal claims must fail as a matter of law regardless of the outcome of any proposed *habeas*, the request for a stay is denied.

5

1983. To that end, it is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, can act under the color of state law. *Polk County*, 454 U.S. at 325 (a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983.") (citations omitted); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) (affirming dismissal of Section 1983 claim against court-appointed appellate attorney for alleged involvement in denial of speedy appeal and noting that "it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983") (collecting cases); *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979) ("[P]ublic defenders or court-appointed defense attorneys do not 'act under color of law.'"); *Sanchez v. Gazzillo*, No. 00-CV-6405 (JS) (MLO), 2001 U.S. Dist. LEXIS 7786, at *17 (E.D.N.Y. June 5, 2001) (dismissing Section 1983 claim against plaintiff's Legal Aid attorneys).

Although these individuals are clearly not state actors, the Court recognizes that a private actor can be considered as acting under the color of state law for purposes of Section 1983 if the private actor was "'a willful participant in joint activity with the State or its agents.'" *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)) (citation omitted). This potential liability also applies to a court-appointed attorney where the attorney "conspires with a state official to violate the plaintiff's constitutional rights . . . ." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005). Thus, the Court will next examine plaintiff's conspiracy claim to determine whether the allegations are sufficient to survive a motion to dismiss.

2. Conspiracy Pursuant to § 1983

The plaintiff's allegation of conspiracy as it relates to Groder states that it was "no coincidence" that Groder masqueraded as his attorney on the same day that Assistant District Attorney Junker was presenting the case against plaintiff to the grand jury. (Compl. at 5-6.) As to Berger, plaintiff argues that he conspired with Junker when waiving plaintiff's rights to a speedy preliminary hearing, grand jury presentation and a speedy trial. (Compl. at 10-11.)

The mere use of the term "conspiracy" does not instantly transform a private actor into a state actor for purposes of Section 1983 and is clearly insufficient to satisfy Rule 12(b)(6) in connection with a Section 1983 conspiracy claim. *See Ciambriello*, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."). Instead, "[i]n order to survive a motion to dismiss on a § 1983 conspiracy claim, the plaintiff must allege (1) an agreement between two or more state actors, (2) concerted acts to inflict an unconstitutional injury, and (3) an overt act in furtherance of the goal." *Carmody v. City of New York*, No. 05-CV-8084 (HB), 2006 U.S. Dist. LEXIS 25308, at *16 (S.D.N.Y. May 11, 2006) (citing *Ciambriello*, 292 F.3d at 324-35). Vague and conclusory allegations that defendants have engaged in a conspiracy must be dismissed. *See Ciambriello*, 292 F.3d at 325 (dismissing conspiracy allegations where they were found "strictly conclusory"); *see also Walker v. Jastremski*, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("[C]onclusory or general allegations are

insufficient to state a claim for conspiracy under § 1983.") (citing *Ciambriello*); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss."); *Green v. Bartek*, No. 3:05-CV-1851, 2007 WL 4322780, at *3 (D. Conn. Dec. 7, 2007) ("The Second Circuit has consistently held that a claim of conspiracy to violate civil rights requires more than general allegations.").

The need to guard against the use of conclusory allegations of conspiracy in the context of Section 1983 lawsuits against private actors is particularly compelling. If a plaintiff could overcome a motion to dismiss simply by alleging in a conclusory fashion a "conspiracy" between private actors and state actors, these private actors would be subjected to the substantial cost and disruption incurred by litigants in the discovery phase of these lawsuits, without any indication whatsoever that the plaintiff has a "plausible" conspiracy claim. As the Second Circuit has emphasized, these conspiracy claims are "so easily made and can precipitate such protracted proceedings with such disruption of governmental functions" that "detailed fact pleading is required to withstand a motion to dismiss" them. *Angola v. Civiletti*, 666 F.2d 1, 4 (2d Cir. 1981).

Plaintiff's complaint does not contain any specific allegations supporting a "plausible" conspiracy claim involving the private defendants and any state actors. *Pro se* plaintiff's complaint is nothing more than a compendium of conclusory, vague, and general allegations of a conspiracy to deprive him of constitutional rights. "Diffuse expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Ostrer v. Aronwald*, 567 F.2d 55, 533 (2d Cir. 1997). Of course, the Court recognizes that "[a plaintiff is not required to list the place and date of defendant[']s meetings and the summary of their conversations when he pleads conspiracy, . . . but the pleadings must present facts tending to show agreement and concerted action." *Fisk v. Letterman*, 401 F. Supp. 2d 362, 376 (S.D.N.Y. 2005) (report and recommendation), *accepted by, in part, rejected by, in part*, *Fisk v. Letterman*, 401 F. Supp. 2d 362 (S.D.N.Y. 2005) (citations and quotations omitted). As the Supreme Court recently articulated in *Bell Atlantic Corp. v. Twombly,* although a plaintiff does not need to provide detailed factual allegations, the allegations in the complaint must be "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007).

Plaintiff first suggests, but does not even allege outright, that somehow Groder's waiver of plaintiff's right to a felony exam on the same day that the Assistant District Attorney presented the case to the grand jury was part of a conspiracy with the state prosecutor to deprive him of unspecified Constitutional rights. Plaintiff fails to identify how the confluence of those events served to deprive him of his constitutional rights. Regarding Berger, plaintiff alleges that he conspired with the prosecutor when he waived plaintiff's rights to a speedy preliminary hearing, grand jury presentation and a speedy trial in violation of an earlier request to another Legal Aid attorney that those rights be preserved.

As to the allegations against both defendants, nowhere in the complaint does plaintiff specifically assert that an explicit, or even implicit, agreement existed between either defendant and the prosecutor to enter into a conspiracy. *See Ciambriello*, 292 F.3d at 324 (dismissing Section 1983 conspiracy claim because "[a]bsent from [plaintiff's] complaint are any factual allegations

7

suggesting that [the private actor defendant] conspired with the County"). This bare, implicit allegation is thus insufficient to support a conspiracy claim. *See, e.g., Rzayeva v. United States*, 492 F. Supp. 2d 60, 82 (D. Conn. 2007) ("Plaintiffs' vague and conclusory allegations against the private 'conspirators' are entirely unclear, unsupported by facts, and insufficient to substantiate their claims."); *Fisk*, 401 F. Supp. 2d at 377 ("Communications between a private and a state actor, without facts supporting a concerted effort or plan between the parties, are insufficient to make the private party a state actor.").

Accordingly, viewing the allegations in the light most favorable to plaintiff, the Court finds that his claims of conspiracy regarding both defendants must be dismissed. Plaintiff has failed to articulate any allegations that would suggest that these alleged failures in performance by his attorneys, even if accepted as true, could plausibly support a claim that either one acted as a part of a conspiracy with the prosecutors. Moreover, as the Second Circuit has noted, generalized allegations of conspiracy "ring especially hollow" where, as here, the parties alleged to be part of the same conspiracy have an "adversarial relationship." *Ciambriello*, 292 F.3d at 324. Given the complete absence of anything other than conclusory allegations of conspiracy, the Section 1983 claims against his attorneys cannot survive a motion to dismiss. *See also Green v. Bartek*, No. 3:05CV1851 (SRU), 2007 WL 4322780, at *3 (D. Conn. Dec. 7, 2007) (dismissing Section 1983 claim against plaintiff's appointed attorney in Family Court where, "[a]lthough [plaintiff] includes several statements regarding an alleged conspiracy, he includes no facts to support this claim"); *Williams v. Jurow*, No. 05 Civ. 6949 (DAB), 2007 WL 5463418, at *11 (S.D.N.Y. June 29, 2007) ("Since plaintiff has alleged no facts that would, even if accepted as true, establish that the Legal Aid Defendants' conduct constituted state action, the constitutional claims against them should be dismissed.") (report and recommendation); *Brewster v. Nassau County*, 349 F. Supp. 2d 540, 547 (E.D.N.Y. 2004) (dismissing Section 1983 claim against Legal Aid Society where plaintiff alleged in a conclusory fashion that Legal Aid waived his rights and failed to adequately represent him in order to "benefit themselves and/or District Attorney," but did "not actually allege[] any facts indicating an agreement to act in concert to harm him"); *Hom v. Brennan*, 304 F. Supp. 2d 374, 379 (E.D.N.Y. 2004) (dismissing Section 1983 claim against supervising attorney with the Nassau-Suffolk Law Services because "plaintiff fails to allege with particularity what the alleged conspiracy is, the purpose of the conspiracy, who was involved in the conspiracy, the existence of an act in furtherance of the conspiracy, or that he was injured as a result of the conspiracy"); *Braxton v. Brown*, No. 96 CV 187, 1997 WL 43525, at *3 (E.D.N.Y. Jan. 28, 1997) ("Nothwithstanding the latitude afforded a *pro se* complaint, plaintiff fails to allege any facts supporting an inference that the Defense Attorney defendants colluded with the District Attorney defendants.").

In sum, having failed to sufficiently allege a conspiracy cause of action against Berger or Groder, the Court dismisses the Section 1983 claim against both defendants.

B. Section 1985

Under a liberal reading of the complaint, plaintiff also alleges a conspiracy under 42 U.S.C. § 1985(3) to deprive him of his right to due process. Section 1985(3) prohibits conspiracies by two or more persons that interfere and injure any person's civil rights. More specifically, the four elements of a § 1985(3) claim are:

(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States.

*Mian v. Donaldson, Lufkin & Jenrette Sec.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (internal citation omitted). "Furthermore, the conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *United States Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 829 (1983)). Because plaintiff's complaint fails to allege any class-based, invidious discrimination, it fails to state a claim under § 1985(3). *See Lucas v. New York City*, 842 F. Supp. 101, 104 (S.D.N.Y. 1994) (holding plaintiff failed to state claim under § 1985(3) when complaint was devoid of any such allegations). Moreover, "[a] complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993) (internal citations omitted). Therefore, plaintiff fails to state a cause of action under § 1985 and the claim must be dismissed against both defendants.[7]

---

[7] "Liability under § 1986, which permits an action against a person who had the 'power to prevent or aid in preventing the commission of' a wrong 'mentioned in section 1985,' but who 'neglected or refused so to do,' is dependent on the validity of a claim under § 1985." *Dwares v. New York*, 985 F.2d 94, 101 (2d Cir. 1993). Thus, to the extent plaintiff attempts to state a claim under § 1986, that claim must also be dismissed.

## C. Other Defects in Section 1983 and 1985 Claims against the Defendants

In addition to the legal defects discussed in detail above, there are a number of other grounds which independently require dismissal of plaintiff's claims as a matter of law.

First, to the extent plaintiff claims that his constitutional rights were violated by Berger because he failed to ensure plaintiff's right to appear before the grand jury and testify, it is axiomatic that there is no constitutional right to testify before the grand jury. *See Burwell v. Superintendent of Fishkill Corr. Facility,* No. 06 Civ. 787 (JFK), 2008 WL 2704319, at *8 (S.D.N.Y. July 10, 2008) ("[T]here is no federal constitutional right to testify before the grand jury. In fact, there is no federal right to a grand jury in state criminal prosecutions."); *Affser v. Murray,* No. 04 CV 2715, 2008 WL 2909367, at *7 (E.D.N.Y. July 28, 2008) ("[C]ounsel's alleged failure to secure petitioner's presence before the grand jury does not constitute ineffective assistance.") (collecting cases). Thus, any claimed deprivation of such a right is not actionable under Section 1983. *See Frankos v. LaVallee*, 535 F.2d 1346, 1348 n.3 (2d Cir. 1976) ("The complaint alleges that appellees successfully conspired to prevent appellant from testifying at a grand jury investigation of the prison stabbing and that attorney Wylie was incompetent in handling plaintiff's request to testify there. Since one must allege deprivation of a constitutional right under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, and there is no claim that there is a constitutional right to testify at a grand jury proceeding, the judgment

of dismissal of these claims for relief is affirmed for lack of subject matter jurisdiction.").

Second, plaintiff was convicted of all of the charges that were the subject of the indictment, rendering any claims related to the charges in the indictment barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

Finally, even assuming *arguendo* that some Section 1983 or 1985 claim could exist based solely on the alleged conduct by either defendant, it would be time-barred. With respect to Section 1983 and 1985 claims, federal courts generally apply the forum state's statute of limitations for personal injury claims, which is three years in the State of New York. *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (Section 1983), *cert. denied*, 538 U.S. 922 (2003); *Paige v. Police Dep't of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001) (Section 1985). Here, as set forth in the complaint, Berger and Groder ceased representing plaintiff on April 25, 2001 and September 3, 2003, respectively. (Compl., Ex. 5 at 2; Compl., Ex. 6 at 3-4.) Because plaintiff commenced this action on September 5, 2007, more than three years after either defendant ceased representing him, the claims against them would be untimely even assuming they existed, which they do not for the other reasons outlined by the Court.

In sum, plaintiff does not have plausible Section 1983 or 1985 claims against defendants and such claims are dismissed as a matter of law under Rule 12(b)(6).

### D. Collateral Estoppel

Groder also argues that, even assuming *arguendo* plaintiff had pled a valid claim against him under Section 1983, that claim would be barred by the doctrine of collateral estoppel based on the decision in *Nealy v. Groder*, 08 Civ. 2071 (KMW) (S.D.N.Y. Mar. 3, 2008). For the reasons stated below, the Court agrees.

A court may dismiss a claim on *res judicata* or collateral estoppel grounds on either a motion to dismiss or a motion for summary judgment. *See Sassower v. Abrams*, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993) ("the defense of *res judicata* or collateral estoppel may be brought, under appropriate circumstances, either via a motion to dismiss or a motion for summary judgment"); *see Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (affirming dismissal of claims under Rule 12(b) on grounds of *res judicata*); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992), *cert. denied*, 506 U.S. 821 (1992). In addition, the relevant facts for this motion, namely the judgment in the Southern District of New York action, are public documents subject to judicial notice, and are not in dispute. *See Jacobs v. Law Offices of Leonard N. Flamm*, No. 04 Civ. 7607 (DC), 2005 WL 1844642, at *3 (S.D.N.Y. July 29, 2005) ("In cases where some of those factual allegations have been decided otherwise in previous litigation, however, a court may take judicial notice of those proceedings and find that plaintiffs are estopped from re-alleging those facts.").

"[C]ollateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Leather v. Ten Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)). "Collateral estoppel, like the related doctrine of *res judicata*, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation."

10

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). If the prior judgment was rendered in federal court, as is the case here, the principles of collateral estoppel require that "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (quoting *Purdy v. Zeldes*, 337 F.3d 253, 258 & n.5 (2d Cir. 2003)).

The Court concludes that the above-referenced requirements for dismissal based on collateral estoppel are met with respect to any claim arising from conduct alleged by plaintiff relating to Groder's representation of him during his 2001 criminal proceedings.[8] Plaintiff does not contest that the facts giving rise to the case at bar are identical to those presented in the Southern District of New York action against Groder, nor does he dispute that the resolution of the issues presented therein was necessary to support the valid judgment on the merits; rather, he argues that because his claim was dismissed *sua sponte*, rather than on a formal motion by defendants, his claims were not actually litigated. The Court finds this argument unavailing, as the doctrine of collateral estoppel applies to final orders, and a dismissal for failure to state a claim under Rule 12(b)(6) is a final order as a decision on the merits. *See Teltronics Services, Inc. v. L M Ericsson Telecomm., Inc.*, 642 F.2d 31, 34 (2d Cir. 1981) ("judgments under Rule 12(b)(6) are on the merits") (quoting *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130-31 (2d Cir. 1976)); *Faggiano v. Eastman Kodak Co.*, 378 F. Supp. 2d 292, 301 (W.D.N.Y. 2005) (same); *Cameron v. Church*, 253 F. Supp. 2d 611, 619 (S.D.N.Y. 2003) (dismissals for the failure to state a claim are final orders). Accordingly, the doctrine of collateral estoppel bars plaintiff's claims against Groder.[9]

E. Pendent Jurisdiction

In addition to the § 1983 and 1985 claims, plaintiff seems to assert state law claims for legal malpractice and/or negligent infliction of emotional distress. However, "[i]n the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to

---

[8] Defendant Berger also argues, even though he was not a party to the Southern District lawsuit, the claims here against him are barred by collateral estoppel. The Court disagrees. Because Berger was not a party to the Southern District of New York, the "state action" requirement as it related to him was not actually litigated or decided by Judge Wood. However, as discussed in this Memorandum and Order, there are several other independent grounds that warrant dismissal of the case against Berger (as well as Groder) as a matter of law.

[9] Further, to the extent that plaintiff argues that the court in the Southern District of New York action lacked jurisdiction to dismiss his claims because the events giving rise to his claim occurred within the Eastern District of New York, such an argument is without merit, because a lack of venue does not deprive a Court of subject matter jurisdiction. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) ("[V]enue and subject-matter jurisdiction are not concepts of the same order. Venue is largely a matter of litigational convenience; accordingly, it is waived if not timely raised."); *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979) ("[V]enue is . . . [a] personal privilege[] of the defendant, rather than [an] absolute stricture[] on the court, and [] may be waived by the parties."). Having voluntarily filed that action in the Southern rather than the Eastern District of New York, plaintiff cannot now claim collateral estoppel should not apply because of an alleged lack of venue in the Southern District.

11

Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986)). Although defendants argue that any purported state law claims should also be dismissed on a number of grounds, no exceptional circumstances exist in this case for the Court to decide these state law claims, and interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain these matters of state law in this case.

Therefore, in the instant case, the Court, in its discretion, "decline[s] to exercise supplemental jurisdiction over [plaintiff's] state law claims [because] it has dismissed all claims over which it has original jurisdiction." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)) (internal quotation marks omitted) ("If the federal law claims are dismissed before trial . . . the state claims should be dismissed as well."); *Karmel v. Liz Claiborne, Inc.*, No. 99 Civ. 3608 (WK), 2002 WL 1561126, at *4 (S.D.N.Y. July 15, 2002) ("Where a court is reluctant to exercise supplemental jurisdiction because of one of the reasons put forth by § 1367(c), or when the interests of judicial economy, convenience, comity and fairness to litigants are not violated by refusing to entertain matters of state law, it should decline supplemental jurisdiction and allow the plaintiff to decide whether or not to pursue the matter in state court.").

Accordingly, pursuant to 42 U.S.C. § 1367(c)(3), the Court declines to retain jurisdiction over the remaining state claims given the absence of any federal claims that survive this motion to dismiss, and dismisses such state claims without prejudice.

F. Leave to Replead

The Court has also considered whether plaintiff should be given an opportunity to replead. The Second Circuit has emphasized that "[a] *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, even under this liberal standard, this Court finds that any attempt to amend the pleading in this case would be futile.[10] As discussed in detail *supra,* it is clear from the complaint (as well as plaintiff's detailed submissions in opposition to the motion and amended complaint) that he does not have any possibility of asserting plausible Section 1983 or 1985 claims. This lawsuit is a blatant and frivolous attempt to sue private actors – such as his Legal Aid attorney and his court-appointed criminal defense attorney – because he believes that they separately contributed to his indictment and conviction, even though such actors clearly do not have Section 1983 or 1985 liability given the allegations in plaintiff's complaint. *See, e.g., Contes v. City of New York*, No. 99 Civ. 1597 (SAS), 1999 WL 500140, at *11 (S.D.N.Y. July 14, 1999) ("It would be futile to grant leave to replead in this case. Without state action, which is

---

[10] In reaching this determination, the Court has reviewed all of the plaintiff's submissions, including the documents that he attached to his complaint and opposition, all of which confirm the futility of any amendment as to the proposed federal claims.

lacking here, [plaintiff] cannot prevail on a claim pursuant to § 1983."). In essence, plaintiff is primarily seeking to re-litigate issues, via this civil rights lawsuit, that he unsuccessfully challenged on direct appeal in seeking to have his conviction overturned against parties who have no Section 1983 or 1985 liability, even if the facts alleged in his complaint are true, because they are not state actors. Moreover, as discussed *supra*, there are numerous other incurable defects in the federal claims – including that the federal claims are time-barred and the claims against defendant Groder are precluded by the doctrine of collateral estoppel.[11] In short, after carefully reviewing all of plaintiff's submissions, it is abundantly clear that no amendments can cure these pleading deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. County of Nassau*, 180 F.3d 42, 55 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied"). Accordingly, the federal claims against the defendants are dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for a stay is denied and defendants' motions to dismiss plaintiff's federal claims are GRANTED in their entirety, with prejudice. The Court declines to exercise supplemental jurisdiction over any state law claims and, thus, the state claims are dismissed without prejudice.

The Clerk of the Court shall enter judgment accordingly and close this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated:   March 16, 2009
         Central Islip, NY

---

[11] Prior to filing the amended complaint, plaintiff also suggested that he wanted to add the State of New York as a defendant. (*See* Plaintiff's Letter to the Court, dated August 4, 2008.) Plaintiff later submitted a letter stating that he did not intend to add any additional defendants, and indeed did not do so in his amended complaint. (*See* Plaintiff's Letter to the Court, dated August 13, 2008.) In any event, any attempt to add the State of New York as a defendant would also be futile and warrant dismissal as a matter of law because the Eleventh Amendment bars civil rights lawsuits under Sections 1983 and 1985 against New York State. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding Eleventh Amendment protects states and state officials, acting in their official capacity, from Section 1983 lawsuits); *accord Posr v. Court Officer Shield #207*, 180 F.3d 409, 414 (2d Cir. 1999); *see also Avent v. Solfaro*, No. 02 Civ. 0914 (RCC) (RLE), 2003 WL 21361730, at *4 (S.D.N.Y. June 12, 2003) (denying motion to amend in Section 1983 lawsuit to, among other things, add the State of New York as a defendant because any such claim would be futile in that the state is immune from suit under the Eleventh Amendment). Moreover, the addition of New York State would not cure the lack of "state action" in connection with the alleged conduct of plaintiff's attorneys, as discussed *supra*.

* * *

Plaintiff William Nealy is appearing in this action *pro se.* The attorney for defendant Michael Berger is William Goldman Scher, Esq., Garbarini and Scher, P.C., 432 Park Avenue South, New York, New York 10016-8013. The attorney for defendant Jeffrey Groder is Mark K. Anesh, Esq., Lewis Brisbois Bisgaard and Smith, LLP, 199 Water Street, New York, New York 10038.